# NO. 12-09-00447-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY MINER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Anthony Miner appeals his conviction for evading arrest or detention. Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We dismiss the appeal.

### BACKGROUND

A Smith County grand jury returned an indictment against Appellant for the offense of evading arrest or detention. The indictment alleged that Appellant used a vehicle in his attempt to evade arrest and that he used a deadly weapon. Accordingly, the offense in this case was a third degree felony.[1] The grand jury also alleged that Appellant had a prior felony conviction, which elevated the potential sentencing range to that of a second degree felony.[2]

Appellant pleaded not guilty at his jury trial. The jury found him guilty of evading arrest or detention, found that he fled in a vehicle, and found that he used a deadly weapon in the

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.35(c)(1), 38.04(b)(1)(B) (Vernon Supp. 2009).

[2] *See* TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp. 2009).

commission of the offense. Appellant pleaded true to the sentencing enhancement, and the jury assessed a sentence of imprisonment for twenty years. This appeal followed.

<h2 style="text-align:center">ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</h2>

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

Appellant filed a pro se brief in which he raised issues concerning sufficiency of the evidence and ineffective assistance of counsel. We have considered counsel's brief and Appellant's pro se brief and have conducted our own independent review of the record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

<h2 style="text-align:center">CONCLUSION</h2>

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and we *dismiss* this appeal. *See In re Schulman*, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for

2

discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 27, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)